UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANK MARSH, | Civil Action No. 19-15320 (FLW) |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| ANTONIO CAMPOS, et al., | |
| Defendants. | |

This matter has been opened to the Court by two separate motions to dismiss Plaintiff's Amended Complaint brought by Defendant Dr. Ihuoma Nwachukwu ("Dr. Nwachukwu") and Defendants New Jersey Department of Corrections ("NJDOC") and Timothy Maines. *See* ECF Nos. 44-45. Defendants NJDOC and Maines ("State Defendants") seek dismissal of Plaintiff's New Jersey Tort Claims Act ("NJTCA") claims arising from the alleged improper manufacture and assembly of bunk beds at New Jersey State Prison ("NJSP"). Plaintiff allegedly fell from the top bunk in his cell and was injured on April 1, 2017. Defendant Dr. Nwachukwu seeks dismissal of Plaintiff's § 1983 and New Jersey Civil Rights Act ("NJCRA") claims for alleged inadequate medical care and alleged deliberate indifference to Plaintiff's right to safe transportation in connection with the treatment for Plaintiff's injuries after the fall. *See id.*

For the reasons explained below, the Court agrees with State Defendants that the NJTCA claims against NJDOC and Defendant Maines in his official capacity are barred in federal court by Eleventh Amendment immunity, and Plaintiff may not proceed on these claims in federal court; however, there appears to be no reason why Plaintiff could not litigate his NJTCA claims against NJDOC in state court where these claims were originally filed. Prior to ruling on the motions to

1

dismiss, the Court will direct Plaintiff to inform the Court within 30 days as to whether he wishes to withdraw his federal claims against all Defendants and have the Court remand his NJCRA, NJTCA (and related product liability claims) to state court to be litigated there. If Plaintiff chooses not to withdraw the § 1983 claims and wishes to proceed on these claims in federal court, he should so notify the Court within 30 days, and the Court will reactivate the motions to dismiss.

I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

a. Factual Background

Plaintiff alleges he fell out of an improperly constructed and/or assembled upper bunk bed while housed at New Jersey State Prison ("NJSP") on April 1, 2017. *See* Amended Complaint ¶ 18. Plaintiff asserts that Defendants NJDOC and Maines in his official and individual capacity, and other unserved Defendants, breached a duty owed to Plaintiff in connection with the negligent assembly of bunk beds, which allegedly caused Plaintiff's neck and back injuries and resultant pain. Amended Complaint ¶ 16. Specifically, Plaintiff claims that Defendants Hoffman and Pilat, who have not been served, improperly assembled the bunk bed and DEPTCOR, also an unserved Defendant, improperly manufactured them. *Id.*

After Plaintiff fell, he was evaluated by the medical department and transported to St. Francis Medical Center for treatment of a "laceration of the forehead left periorbital area." *Id.* at ¶¶18, 46, Pl Ex. G. Thereafter, Plaintiff received treatment for neck and back pain by the medical department and specialists. *See generally* Amended Complaint.

Plaintiff identifies Dr. Nwachukwu as the "head of the medical department" at NJSP and alleges that "[s]he had direct personal involvement and/or had actual knowledge and acquiescence in the wrongs enumerated in th[e] Complaint." *Id.* ¶ 8. Plaintiff alleges in his Amended Complaint that Dr. Nwachukwu was deliberately indifferent to his serious medical needs when she failed to

follow the neurologist's instructions for treating Plaintiff's injuries, failed to prescribe effective pain medications, failed to discontinue the use of Tegetrol and other similar off-label medications, and failed to provide Plaintiff with safe transportation to his medical appointments.[1] *See* Amended Complaint. He brings his claims against Defendant Nwachukwu under 42 U.S.C. § 1983 and the NJCRA.

Plaintiff's Amended Complaint seeks only compensatory and punitive damages for his injuries. *See* Amended Complaint at 17.

**b. Procedural History**

Plaintiff's Complaint is dated March 25, 2017, and it was initially filed in the Superior Court of New Jersey, Mercer County, Docket No. MER-L-698-19 ("State Court Action"). *See* ECF No. 1. On or about July 12, 2019, Dr. Nwachukwu filed a notice to remove the State Court Action to the U.S. District Court for the District of New Jersey. ECF No. 1, Notice of Removal filed Jul. 12, 2019. The notice of removal indicates that Defendant Nwachukwu was not aware of any other Defendants who had been served. *See id.* On September 25, 2019, the Magistrate Judge granted Dr. Nwachukwu's motion for an extension of time to file an answer, move, or otherwise plead by November 6, 2019. ECF No. 6. On November 6, 2019, Defendant Nwachukwu filed a motion to dismiss the Complaint for failure to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 13.

Plaintiff subsequently filed an application to proceed *in forma pauperis*, which was granted by this Court, ECF Nos. 15, 25, and a cross-motion to stay the matter pending service of the other

---

[1] Plaintiff also alleges that his treatment was improperly delayed from April-June 2017, but these allegations do not involve Dr. Nwachukwu.

3

Defendants. ECF Nos. 21.  The Magistrate Judge provided Plaintiff with additional time to serve the unserved defendants but denied the motion to stay.  *See* ECF No. 26.

Plaintiff next filed a motion for a preliminary injunction and temporary restraining order ("TRO"), which was denied without prejudice by this Court on May 21, 2020. ECF Nos. 27, 36.  On May 28, 2020, Plaintiff submitted a motion seeking reconsideration of the Court's Memorandum and Order denying the TRO motion. *See* ECF No. 37.  In the TRO motion and motion for reconsideration, Plaintiff attempts to elaborate on Dr. Nwachukwu's involvement in denying him safe transportation to and from medical appointments.  *See* ECF Nos. 27, 37.

On March 22, 2020, the Court granted Defendant's Nwachukwu's motion to dismiss.  ECF Nos. 13, 39-40.  The Court provided Plaintiff with leave to submit an Amended Complaint.  *See id.*  On August 11, 2020, Plaintiff filed an Amended Complaint.  *See* ECF No. 41. Subsequently, counsel for Defendant Maines entered an appearance and filed a notice seeking an extension of the time to answer and stated that Maines had been served on August 21, 2020.  *See* ECF No. 43.  On September 8, 2020, Defendant Nwachukwu filed a motion to dismiss the Amended Complaint. ECF No. 44.  On September 24, 2020, Defendants NJDOC and Maines filed a motion to dismiss the Complaint.  *See* ECF No. 45.

On October 21, 2017, Plaintiff filed opposition to State Defendants' motion to dismiss and included a Notice of Tort claim dated June 29, 2017.  *See* ECF Nos. 51, 51-1.  The Notice identifies NJDOC and Maines, among others, as responsible parties in connection with Plaintiff's April 1, 2017 fall from the bunk bed.  *See id.*

**II.     State Defendants' Motion to Dismiss**

Among other arguments, State Defendants assert that all claims against NJDOC and Maines in his official capacity for damages must be dismissed on the basis of Eleventh Amendment

immunity. Because State Defendants have raised Eleventh Amendment immunity, the Court addresses the standard for dismissal under Fed. R. Civ. P. 12(b)(1). The principle of sovereign immunity is a limit, albeit a waivable one, on the Court's subject matter jurisdiction. *Wheeling & Lake Erie Ry. Co. v. Pub. Util. Comm'n of Pa.*, 141 F.3d 88, 91 n. 3 (3d Cir. 1998). Eleventh Amendment sovereign immunity is an affirmative defense, and the party raising it bears the burden of proving its applicability. *Christy v. Pa. Turnpike Comm'n*, 54 F.3d 1140, 1144 (3d Cir.1995). A motion to dismiss on Eleventh Amendment immunity grounds is one properly considered under Fed. R. Civ. P. 12(b)(1). *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 n. 2 (3d Cir. 1996) (explaining that "the Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction") (citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98–100 (1984)). For the purposes of a Rule 12(b)(1) motion, a court accepts the complaint's allegations as true and draws all reasonable inferences in the plaintiff's favor. *Turicentro, S.A. v. Am. Airlines Inc.*, 303 F.3d 293, 300 (3d Cir. 2002).

As the Third Circuit has recognized, there are "two distinct types of state sovereign immunity: immunity from suit in federal court and immunity from liability." *Lombardo v. Pennsylvania, Dep't of Public Welfare*, 540 F.3d 190, 194 (3d Cir. 2008). The first type, immunity from suit in federal court, is commonly known as Eleventh Amendment immunity. *See id.* at 194–95. The Eleventh Amendment bars suits against states in federal court unless the state has waived immunity or Congress has properly abrogated it.[2] *See Lapides v. Bd. of Regents*

---

[2] State Defendants have not addressed whether they consented to suit in federal court via Dr. Nwachukwu's removal of this action. *In Lapides v. Board of Regents of University System of Georgia*, 535 U.S. at 618-619, the Supreme Court reached the common-sense conclusion that a state that invokes federal jurisdiction by removing a case from state to federal court waives its Eleventh Amendment immunity; *see also Muslih v. County of Essex*, No. 20-6694, 2020 WL 5505388, at *2 (D.N.J. Aug. 25, 2020) ("This Court finds that this case was properly removed because the OAG has waived its immunity under the Eleventh Amendment by consenting to suit

*of Univ. Sys. Of Ga.*, 535 U.S. 613, 618 (2002) (citations omitted); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55 (1996); *Pennhurst State School and Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). It provides: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

The state itself need not be named as a defendant in order for Eleventh Amendment immunity to apply. Rather, sovereign immunity extends to "agencies or departments" of the state. *Pennhurst*, 465 U.S. at 100 ("It is clear ... that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."). Thus, this protection extends to arms of the state—including agencies, departments, and officials—when the state is the real party in interest. *Pennsylvania Federation of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002); *see Chisolm v. McManimon*, 275 F.3d 315, 323 (3d Cir. 2001). The Third Circuit employs a multi-faceted test to determine whether an entity is an arm of the state and therefore entitled to Eleventh Amendment immunity. Specifically, the inquiry entails three factors: (1) whether payment of a judgment resulting from the suit would come from the state treasury; (2) the status of the entity

---

in federal court.") Here, it appears that State Defendants have not consented to suit because Defendant Nwachukwu, who is represented by separate counsel, removed the case to federal court. Moreover, although the removal statute requires that all defendants who have been properly served must join in or otherwise consent to removal within thirty days, 28 U.S.C. § 1446(b), an exception to this general rule exists for codefendants who have not yet been served in the action. *See Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir. 1985). Therefore, an action may be removed by a named defendant without obtaining the consent of unserved codefendants, as long as the notice of removal alleges that the nonjoining defendants have not yet been served in the state proceeding. *See id.* Defendant Nwachukwu's notice of removal appears to satisfy this condition.

under state law; and (3) the entity's degree of autonomy. *Chisolm v. McManimon*, 275 F.3d 315, 323 (3d Cir. 2001) (citing *Fitchik v. New Jersey Transit Rail Operations, Inc.*, 873 F.2d 655, 659 (3d Cir. 1989) (en banc)). While no one factor is dispositive, the Third Circuit has identified as significant whether a judgment resulting from the suit would be paid from the state treasury. *Id.* (citing *Carter v. City of Philadelphia*, 181 F.3d 339 (3d Cir. 1999); *Christy v. Pennsylvania Turnpike Comm'n*, 54 F.3d 1140, 1145 (3d Cir. 1995); *Fitchik*, 873 F.2d at 659–60). This District has consistently held that NJDOC is an arm of the State of New Jersey for Eleventh Amendment purposes. *See Warnett v. Correctional Medical Services*, No. 07-1291, 2008 WL 930739, at *2–3 (D.N.J. Mar. 31, 2008) (collecting cases).

It is apparent that the claims against NJDOC (and those against Defendant Maines in his official capacity for damages) are barred by Eleventh Amendment immunity. Thus, the Court lacks subject matter jurisdiction with respect to these claims. *See Blanciak*, 77 F.3d at 694 n. 2 (explaining that "the Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction").

Because Plaintiff filed the required Notice of Tort claim, there is nothing to suggest the NJTCA claims against State Defendants could not proceed in state court where the case was originally filed.[3] Moreover, in addition to bringing suit against Defendant Nwachukwu under §

---

[3] It is notable that, unlike § 1983, "[t]he primary liability imposed on public entities in a NJTCA claim is that of respondeat superior: when the public employee is liable for acts within the scope of that employee's employment, so too is the entity; conversely, when the public employee is not liable, neither is the entity." *Tice v. Cramer*, 133 N.J. 347, 355 (N.J. 1993) (citing N.J.S.A. 59:2–2). "Public employees are liable under the Act in the same manner as private individuals, N.J.S.A. 59:3–1a, unless there is an immunity 'provided by law' (including the Act); and the public employee's liability is 'subject to any defenses that would be available' were he a private person." *Id.* (quoting N.J.S.A. 59:3–1b).

7

1983, Plaintiff has also sued Defendant Nwachukwu and the other medical Defendants under the NJCRA, the state-law analog to § 1983.[4]

For these reasons, prior to ruling on the motions to dismiss, the Court will direct Plaintiff to inform the Court as to whether he wishes to withdraw his § 1983 claims against all Defendants, and return to state court to litigate his NJCRA and NJTCA claims (and related state-law product liability claims).  If Plaintiff withdraws his § 1983 claims against all Defendants, the Court will dismiss the § 1983 claims as to all Defendants and remand the matter to state court for adjudication of the remaining NJTCA, NJCRA, and related state law claims.  If Plaintiff chooses not to withdraw his federal claims, which he is also free to do, the Court will resolve the motions to dismiss and determine if any of the § 1983 and/or NJCRA claims survive against Defendant Nwachukwu.[5]

**IT IS, THEREFORE**, on this 14th day of April 2021,

**ORDERED** that prior to resolving the motions to dismiss, the Court will provide Plaintiff with the opportunity to withdraw his federal claims against all Defendants in order to litigate his remaining NJCRA and NJTCA (and related state-law product liability) claims in state court; and it is further

---

[4] The NJCRA was modeled after § 1983, and courts in New Jersey have consistently looked at claims under the NJCRA "through the lens of § 1983." *Trafton v. City of Woodbury*, 799 F.Supp.2d 417, 443–44 (D.N.J.2011); *Chapman v. New Jersey*, Civ. No. 08–4130, 2009 WL 2634888, *3 (D.N.J. Aug. 25, 2009) ("Courts have repeatedly construed the NJCRA in terms nearly identical to its federal counterpart ...."); *Armstrong v. Sherman*, Civ. No. 09–716, 2010 WL 2483911, *5 (D.N.J. June 4, 2010) ("[T]he New Jersey Civil Rights Act is a kind of analog to section 1983 ....").

[5] In this regard, the Court is doubtful that Plaintiff's transportation claim against Defendant Nwachukwu meets the test for deliberate indifference under § 1983, but it need not determine that issue now.

**ORDERED** that within 30 days of the date of this Order, Plaintiff shall elect one of the following options:

1) Elect to withdraw his § 1983 claims against all Defendants; if Plaintiff elects to withdraw his § 1983 claims as to all Defendants, the Court will dismiss the federal claims as to all Defendants and remand the NJCRA and NJTCA (and related product liability claims) to state court for adjudication in the first instance; OR

2) Decline to withdraw the § 1983 claims against all Defendants; the Court will resolve the pending motions to dismiss by Defendant Nwachukwu and State Defendants; Plaintiff's claims against NJDOC and Defendant Maines in his official capacity will be barred by Eleventh Amendment immunity in federal court; and it is further

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** the motions to dismiss (ECF Nos. 44-45) until Plaintiff responds to the Court's Order;  and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Order to Plaintiff at the address on file.

/s/ Freda L. Wolfson  
Freda L. Wolfson  
U.S. Chief District Judge